AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Colin M. Simons, being first duly sworn, state as follows:

**A. Introduction & Agent Experience**

1. I submit this affidavit to establish probable cause to believe that on November 30, 2022, in the District of Vermont, Martine Protas violated 18 U.S.C. § 922(g)(3) when she knowingly possessed in and affecting interstate commerce a German Works, model Ortgies, 6.35 mm semiautomatic pistol, with serial number 29997, then being an unlawful user of and addicted to a controlled substance as defined in 21 U.S.C. § 802, and knowing that she was an unlawful user of and addicted to such a substance.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") currently assigned to the Burlington, Vermont Resident Agency of the Albany, New York Division. I have been a Special Agent for over 15 years. I am responsible for working cases involving a variety of criminal violations, to include violent crimes and gangs. I have also been the affiant to numerous federal complaints and search warrants pertaining to violent crime and drugs. As a Special Agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. In connection with my duties and responsibilities, I have received extensive training provided by the FBI in the investigation and enforcement of laws of the United States. I have conducted and participated in numerous criminal investigations regarding violations of federal controlled substances, firearms, and related offenses. I have participated in surveillance operations, arrests, and interviews of individuals involved in narcotics importation, trafficking, and distribution into and within the United States. I have written affidavits in support of search warrants

and have participated in the execution of several warrants, including those that resulted in the search of residential and commercial properties.

4. More specifically, with respect to drug investigations, I have worked directly with confidential sources and informants to conduct controlled purchases of controlled substances, and I have become familiar with the manner in which controlled substances are transported, stored, and distributed. During these investigations, I have listened to and reviewed numerous communications between individuals involved in or suspected to be involved in the distribution of controlled substances. As a result of these investigations, I also have experience in debriefing defendants, informants, participants, and various persons directly involved in buying and distributing controlled substances, and I have become familiar with the language and terminology used by those persons, the prices of controlled substances and the packaging used to distribute these substances in this region, and the organizational structure of enterprises that traffic in controlled substances. I have also interviewed and interacted with numerous users of controlled substances. Accordingly, I am familiar with the characteristics of those who are addicted to controlled substances and the methods of use of controlled substances by those who are addicted.

**B. Sources of Information**

5. The facts set forth in this affidavit are based on my personal observations and knowledge and is also based on: (a) my training and experience, (b) information obtained from other individuals participating in the investigation, (c) reports and/or business records, (d) witness statements, and (e) communications with other individuals who have personal knowledge of the events and circumstances described herein. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included in this affidavit every detail of the investigation. Rather, I have set forth facts that I believe are sufficient to establish probable cause

2

for the issuance of a criminal complaint. Unless specifically indicated otherwise, any conversations and statements described in this affidavit are related in substance and in part only.

**C. June 2022 Car Stop and July 2022 Search Warrant**

6.      In the summer of 2022, the Vermont Drug Task Force (VDTF) and Vermont State Police (VSP) began an investigation into Martine Protas and others for the distribution of narcotics in the Springfield, Vermont area. As described more fully below, in June 2022, law enforcement found Protas in possession of cocaine base. Additionally, the investigation led to a search warrant being issued by the State of Vermont for Protas' residence in July of 2022.

7.      On June 4, 2022, at approximately 2:09 p.m., on Vermont Route 11 in Springfield, Vermont, Sergeant Ryan Wood of the Vermont State Police (VSP) observed a black Jeep Patriot SUV drive west past his location. Both Sergeant Wood and his partner, VSP Trooper Timothy Alibozek observed the vehicle did not have a Vermont state inspection sticker on its front window, nor did it have a front license plate, both of which are violations of Vermont motor vehicle laws. As the vehicle drove past Sergeant Wood's location, he observed there was also no rear registration plate in the designated license plate area. Sergeant Wood observed a white piece of paper in the upper left-hand side of the rear window that was covered in a semi-transparent plastic. Sergeant Wood was unable to read the lettering on the paper from his stationary location. Sergeant Wood followed the vehicle west on Vermont Route 11 and was still unable to read the information on the piece of paper. After the vehicle turned onto Bridge Street, Sergeant Wood activated his emergency blue lights and conducted a traffic stop.

8.      Sergeant Wood approached the passenger side of the vehicle and observed a female driver, later identified as Martine Protas, and a male seated in the front passenger seat. Protas

3

failed to provide a photo driver's license but stated she was looking for it.[1]

9. Law enforcement determined neither Protas nor the male passenger were the owners of the vehicle. Because Protas was driving, Sergeant Wood asked if she would be willing to allow law enforcement to conduct a consent search of the vehicle. As this discussion occurred, the registered owner of the vehicle contacted VSP and advised that she did not want her vehicle searched. That information was relayed to Protas who advised Sergeant Wood that she would not consent to a search of the vehicle.

10. Sergeant Wood asked Protas what property in the vehicle was hers. She identified a purse and a pack of cigarettes. She agreed to a consent search of her person and her purse. During the search of her purse, law enforcement located a small white chunk of suspected cocaine base, approximately 0.1 grams in weight, loose within her purse. The substance was later field tested and tested positive for the presence of cocaine.

11. On July 20, 2022, the aforementioned state search warrant was executed on her residence, 11 Union Street, Springfield, Vermont. During the search, law enforcement found five bags of fentanyl in the bedroom. The bags field tested positive for fentanyl. Proas was arrested and charged with two counts of distribution of fentanyl and one count of distribution of methamphetamine. On July 21, 2022, a state search warrant was granted to search a black shoulder bag that Protas possessed at the time of her arrest on July 20, 2022. Located within the bag were three (3) wax folds, and a small white rock that weighed .47 grams (with packaging). Both substances were field tested, and the results were positive for the presence of fentanyl and cocaine, respectively. Protas was arrested by law enforcement and charged by the State of Vermont for

---

[1] Law enforcement conducted database checks to determine if Protas had a valid license and learned her license was under civil suspension. Protas disputed that her license was suspended and stated that it had recently been reinstated. However, she was unable to produce any documentation, electronic or printed, to prove it was reinstated.

distribution of fentanyl and methamphetamine. Protas waived her *Miranda* rights and agreed to speak to law enforcement. During that conversation with investigators, Protas acknowledged being a user of cocaine.

**D.  November 30, 2022 Arrest**

12. On November 30, 2022, law enforcement was conducting surveillance in the area of Springfield, Vermont. Specifically, investigators were looking for Anibal Castro, Sr. who had an outstanding federal arrest warrant.[2] Law enforcement located who they believed to be Castro, Sr. driving a vehicle. While under surveillance, Homeland Security Investigations Special Agent Erin Nelligan observed Castro, Sr. pull the vehicle over and pick up a female (later identified as Protas) who was carrying a tan bag when she entered the vehicle. Castro, Sr. was followed by law enforcement into the parking lot of the Springfield, Vermont Hospital. Law enforcement observed Protas in the front passenger seat of the vehicle. While observing the vehicle, VDTF Detective Brandon Degre observed Castro, Sr. and Protas appear to be smoking cocaine base (crack).

13. Law enforcement approached the vehicle, removed both Castro and Protas from the vehicle, and detained them both. VSP Sergeant Michael Anderson frisked Protas and a firearm was located under her jacket in a waistband holster. The firearm that Sergeant Anderson recovered from Protas' waistband was a German Works, model Ortgies, 6.35 mm semiautomatic pistol, with serial number 29997.

14. Multiple law enforcement officers participated in a search of the vehicle where law enforcement found Castro, Sr. and Protas. VDTF Detective Sergeant Karl Gardner observed what appeared to him from his training and experience to be cocaine base lying on the ground near the exterior of the vehicle by the front passenger door. A tan bag was located in the back seat of the

---

[2] Castro, Sr. had been indicted by a federal grand jury in the District of Vermont for conspiracy to distribute cocaine base and fentanyl.

vehicle by VDTF Detective Jacob Renning. Within the tan bag, Detective Renning found makeup, women's clothing including a bra and women's underwear, syringes, and crack pipes. VDTF Detective Sergeant Robinson observed a glass pipe located in between the center console and the front passenger seat. VDTF Detective Sergeant Robinson knew from his training and experience glass pipes are commonly used to consume cocaine base. VDTF Detective Sergeant Robinson further observed in the rear passenger area of the vehicle, several pieces of burnt tin foil and lighters, which he knows from his training and experience are used for the consumption of cocaine base.

15. Based on the above-described information, I believe that on November 30, 2022, Martine Protas was being an unlawful user of and addicted to a controlled substance as defined in 21 U.S.C. § 802, and knew that she was an unlawful user of and addicted to such a substance, specifically cocaine and cocaine base. I base this belief on my training and experience and the following aforementioned factors:

    a. The recovery of cocaine base from Protas' purse on June 4, 2022 in Springfield, Vermont;

    b. Protas' July 2022 interview with law enforcement when she admitted that she was a cocaine user[3] and found to be possession of approximately 0.47 grams of a substance testing positive for cocaine;

    c. Detective Degre's observations on November 30, 2022 of Protas smoking what appeared to be cocaine base;

    d. The presence of crack pipes in a bag with women's clothing recovered from the vehicle where Protas was encountered by law enforcement;

---

[3] While law enforcement has linked cocaine base to Protas as discussed throughout this affidavit, Protas only admitted to using cocaine during the July 2022 interview and not specifically cocaine base (crack).

    e. Cocaine base recovered from the ground outside of the passenger side of the vehicle where Protas was found by law enforcement on November 30, 2022; and

    f. The presence of a crack pipe inside the vehicle where law enforcement found Protas on November 30, 2022.

**E. Interstate Nexus of Firearm**

16. On November 30, 2022, photographs of the firearm described above were shared with Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Special Agent Scott Murray who is a designated firearms and ammunition interstate nexus expert. Special Agent Murray told me that the firearm described above was manufactured outside the State of Vermont and, therefore by its presence in the State of Vermont, the handgun previously traveled in interstate and/or foreign commerce.

**F. Conclusion**

17. Based on the information contained in this Affidavit, probable cause exists to believe that on November 30, 2022, Martine Protas knowingly possessed in and affecting interstate commerce, a German Works, model Ortgies, 6.35 mm semiautomatic pistol, with serial number 29997, then being an unlawful user of and addicted to a controlled substance as defined in 21 U.S.C. § 802 and knowing that she was an unlawful user of and addicted to such a substance.

Dated at Burlington, in the State of Vermont, this 1st day of December, 2022.

_____
Colin M. Simons
FBI Special Agent

Subscribed and sworn to before me on this 1st day of December, 2022

_____
HON. KEVIN J. DOYLE
U.S. MAGISTRATE JUDGE

8